J-S17007-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SHAWN RYAN CARR | |
| Appellant | No. 430 WDA 2015 |

Appeal from the PCRA Order February 4, 2015
In the Court of Common Pleas of Jefferson County
Criminal Division at No(s): CP-33-CR-0000026-2009;
CP-33-CR-0000125-2009; CP-33-CR-0000126-2009;
CP-33-CR-0000127-2009

BEFORE: GANTMAN, P.J., SHOGAN, J., and FITZGERALD, J.*

MEMORANDUM BY GANTMAN, P.J.:                    **FILED APRIL 14, 2016**

Appellant, Shawn Ryan Carr, appeals from the order entered in the

Jefferson County Court of Common Pleas, which denied his first petition filed

pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

The relevant facts and procedural history of this case as follows:

> On February 17, 2010, Appellant pled guilty to four (4)
> counts of delivery of a controlled substance in Jefferson
> County.[1] That same day, the Jefferson County court
> sentenced Appellant on each count to fourteen (14)
> months' to three (3) years' imprisonment, followed by two
> (2) years' probation, with all sentences to run
> concurrently. While under supervision, Appellant
> committed new crimes in Clarion County. On August 14,

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

_____

*Former Justice specially assigned to the Superior Court.

2013, Appellant pled guilty in the Clarion County Court of Common Pleas to delivery of a controlled substance, drug delivery resulting in death, criminal use of communication [facility], and abuse of a corpse.[2]  The Clarion County court sentenced Appellant to eight (8) to sixteen (16) years' imprisonment.

[1] 35 P.S. § 780-113(a)(30)

[2] 35 P.S. § 780-113(a)(30), 18 Pa.C.S.A. §§ 2506(a), 7512(a), and 5510, respectively.

The Jefferson County court held a **Gagnon II**[2] revocation hearing on September 18, 2013, in which the court took judicial notice of Appellant's plea and sentence in Clarion County, and revoked his probation.  The Jefferson County court resentenced Appellant to five (5) to (15) years' imprisonment on each count of delivery of a controlled substance, to run consecutively, for an aggregate of twenty (20) to sixty (60) years' imprisonment.  The Jefferson County court also ordered the sentence to run consecutively to Appellant's Clarion County sentence.

Appellant filed a post-sentence motion for reconsideration on September 26, 2013, which the Jefferson County court denied on October 10, 2013.  … Appellant filed a timely notice of appeal on October 18, 2013.

**Commonwealth v. Carr, S.**, No. 1699 WDA 2013, unpublished memorandum at 1-3 (Pa.Super. filed June 16, 2014) (affirming Appellant's judgment of sentence).  Appellant did not seek further direct review.

On December 11, 2014, Appellant timely filed a *pro se* PCRA petition. The PCRA court appointed counsel, who filed a petition to withdraw and "no-merit" letter on January 9, 2015.  On that same date, the court permitted

_____

[2] **Gagnon v. Scarpelli**, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).

counsel to withdraw and issued notice of its intent to dismiss Appellant's petition without a hearing, pursuant to Pa.R.Crim.P. 907. Appellant filed a response on January 29, 2015. The court dismissed the petition on February 4, 2015. On February 23, 2015, Appellant timely filed a *pro se* notice of appeal. The court ordered Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b), and Appellant timely complied.

Appellant raises the following issues for our review:

> DID THE [TRIAL] COURT COMMIT AN [ERROR] OF LAW IN [ITS] REVOCATION HEARING/RESENTENCING APPELLANT OUTSIDE THE PLEA AGREEMENT INITIALLY IMPOSED?
>
> IS APPELLANT['S] SENTENCE ILLEGAL AND UNCONSTITUTIONAL SINCE 18 PA.C.S.A. § 7508 HAS BEEN DECLARED UNCONSTITUTIONAL IN [ITS] ENTIRETY?

(Appellant's Brief at 4).

In his first issue, Appellant argues the court improperly resentenced him in violation of the terms of his original plea agreement. Appellant asserts the court had no authority to impose consecutive sentences upon revocation because the court had originally imposed concurrent sentences pursuant to the plea agreement. Appellant concludes this Court should vacate his sentence and remand for resentencing. We cannot agree.[3]

_____

[3] Appellant also argues his revocation sentence is manifestly excessive; the court failed to consider the applicable sentencing factors; and the court imposed a sentence outside of the Sentencing Guidelines without stating
*(Footnote Continued Next Page)*

Our standard of review of the denial of a PCRA petition is limited to examining whether the record evidence supports the court's determination and whether the court's decision is free of legal error. ***Commonwealth v. Ford, H.***, 947 A.2d 1251 (Pa.Super. 2008), *appeal denied*, 598 Pa. 779, 959 A.2d 319 (2008). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. ***Commonwealth v. Carr, M.***, 768 A.2d 1164 (Pa.Super. 2001). We give no deference, however, to the court's legal conclusions. ***Commonwealth v. Ford, J.***, 44 A.3d 1190, 1194 (Pa.Super. 2012). A petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯

appropriate reasons on the record. Appellant's arguments challenge the discretionary aspects of his sentence and are not cognizable under the PCRA. ***See Commonwealth v. Hyland***, 875 A.2d 1175 (Pa.Super. 2005), *appeal denied*, 586 Pa. 723, 890 A.2d 1057 (2005) (stating claim that sentencing court failed to consider mitigating factors challenges discretionary aspects of sentencing); ***Commonwealth v. Lutes***, 793 A.2d 949 (Pa.Super. 2002) (stating claim that sentence is manifestly excessive challenges discretionary aspects of sentencing); ***Commonwealth v. Davis***, 737 A.2d 792 (Pa.Super. 1999) (stating claim that court imposed sentence outside of guidelines without placing sufficient explanation on record implicates discretionary aspects of sentencing). ***See also Commonwealth v. Wrecks***, 934 A.2d 1287 (Pa.Super. 2007) (stating challenges to discretionary aspects of sentencing are not cognizable under PCRA). Moreover, this Court resolved all of Appellant's discretionary sentencing claims on the merits in his direct appeal. ***See Carr, S., supra***. ***See also Commonwealth v. Turetsky***, 925 A.2d 876, 879 (Pa.Super. 2007), *appeal denied*, 596 Pa. 707, 940 A.2d 365 (2007) (stating: "[T]o be entitled to PCRA relief, a petitioner must plead and prove, *inter alia*, that the allegation of error has not been previously litigated or waived"). Therefore, we give those claims no further attention.

petitioner is not entitled to PCRA relief, and no purpose would be served by any further proceedings. *Commonwealth v. Hardcastle*, 549 Pa. 450, 701 A.2d 541 (1997).

"An issue is waived if it could have been raised prior to the filing of the PCRA petition, but was not." *Commonwealth v. Berry*, 877 A.2d 479, 482 (Pa.Super. 2005) (*en banc*), *appeal denied*, 591 Pa. 688, 917 A.2d 844 (2007). *See also* 42 Pa.C.S.A. § 9544(b). Nevertheless, "claims pertaining to the legality of sentence are non-waivable[.]" *Commonwealth v. Foster*, 960 A.2d 160, 163 (Pa.Super. 2008). A defendant's claim that he was sentenced in violation of his plea agreement does not implicate the legality of the sentence, where the defendant fails to identify any statutory reason or double jeopardy basis for declaring the sentence illegal. *Berry, supra* (holding PCRA petitioner waived claim that his sentence violated terms of plea agreement by failing to raise issue on direct appeal). Further,

> It is clearly stated in the Sentencing Code not only that the court may revoke a defendant's probation if appropriate, but also that "[u]pon revocation the sentencing alternatives available to the court shall be the same as were **available at the time of initial sentencing**." 42 Pa.C.S. § 9771 (emphasis added). Likewise, [the Pennsylvania Supreme] Court has explicitly stated that "upon revocation of probation, the court possesses the same sentencing alternatives that it had at the time of the initial sentencing." *Commonwealth v. Pierce*, 497 Pa. 437, [440], 441 A.2d 1218, 1219 (1982). As it is well established that the sentencing alternatives available to a court at the time of initial sentencing are all of the alternatives statutorily available under the Sentencing Code, these authorities make clear that at any revocation of probation hearing, the court is similarly free to impose

> any sentence permitted under the Sentencing Code and is not restricted by the bounds of a negotiated plea agreement between a defendant and prosecutor.

*Commonwealth v. Wallace*, 582 Pa. 234, 241-42, 870 A.2d 838, 842-43 (2005) (footnotes omitted). *See also Commonwealth v. Raphael*, 879 A.2d 1264 (Pa.Super. 2005), *appeal denied*, 587 Pa. 712, 898 A.2d 1070 (2006) (holding imposition of consecutive sentences upon revocation of defendant's probation, rather than concurrent sentences according to terms of plea agreement, was not improper).

Instantly, on direct appeal, Appellant could have raised his claim that the trial court improperly imposed consecutive sentences following revocation of Appellant's probation, purportedly in violation of the original plea agreement, which called for concurrent sentences. Appellant failed to do so. Further, as presented, Appellant's claim does not implicate the legality of his sentence. Thus, Appellant's claim is waived. *See Berry, supra*. Moreover, after the court revoked Appellant's probation, it was free to impose any of the sentencing alternatives available at the time of initial sentencing, regardless of the terms of Appellant's plea agreement.[4] *See Wallace, supra*; *Raphael, supra*. Therefore, even if Appellant had not waived the issue, it would merit no relief.

In his second issue, Appellant argues the court unlawfully imposed

---

[4] Appellant cites contrary case law expressly overruled by the Pennsylvania Supreme Court in *Wallace, supra*.

five-year mandatory minimum terms of incarceration under 18 Pa.C.S.A. § 7508, in violation of *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), and its Pennsylvania progeny. Appellant concludes he is entitled to resentencing without application of a mandatory minimum term. We cannot agree.

A sentencing challenge premised on *Alleyne* implicates the legality of the sentence and cannot be waived. *Commonwealth v. Newman*, 99 A.3d 86 (Pa.Super. 2014) (*en banc*), *appeal denied*, ___ Pa. ___, 121 A.3d 496 (2015). In *Alleyne*, the United States Supreme Court held that any fact increasing the mandatory minimum sentence for a crime is considered an element of the crime to be submitted to the fact-finder and found beyond a reasonable doubt. *See id.* Section 7508(b) states that its statutory provisions shall not be an element of the crime and applicability of the statute shall be determined at sentencing by a preponderance of the evidence. In *Newman*, this Court addressed the constitutionality of a similar statute, 42 Pa.C.S.A. § 9712.1, in light of *Alleyne*. *Newman* held that Section 9712.1 can no longer pass constitutional muster as it "permits the trial court, as opposed to the jury, to increase a defendant's minimum sentence based upon a preponderance of the evidence that the defendant was dealing drugs and possessed a firearm, or that a firearm was in close proximity to the drugs." *Newman, supra* at 98. Subsequently, this Court directly addressed the constitutionality of Section 7508 in *Commonwealth*

*v. Vargas*, 108 A.3d 858 (Pa.Super. 2014) (*en banc*), *appeal denied*, ___ Pa. ___, 121 A.3d 496 (2015), where the trial court imposed a mandatory minimum sentence for the defendant's conviction for possession with intent to deliver a controlled substance, pursuant to Section 7508(a)(7)(iii). On appeal, this Court emphasized that Section 7508 is structured in the same manner as the statute at issue in *Newman*. *Id.* at 876-77. This Court concluded that Section 7508 is likewise unconstitutional in its entirety. *Id.*

Instantly, Appellant could have but failed to raise his *Alleyne* challenge on direct appeal, or in his PCRA petition. Nevertheless, we will address the issue on the merits because it is a non-waivable challenge to the legality of Appellant's sentence. *See Newman, supra*. Here, the court resentenced Appellant to a term of five (5) to fifteen (15) years' incarceration for each count of delivery of a controlled substance. Appellant assumes the court applied Section 7508 simply because the statute sets forth a mandatory minimum term of five years' incarceration for certain drug offenses. Careful review of the record, however, reveals that the court applied no mandatory minimum sentence. As Appellant concedes, the court made no mention of a mandatory minimum at sentencing. Moreover, the sentencing order and court commitment form indicate no mandatory minimum term was imposed. Therefore, *Alleyne* is not implicated, and no relief is due. Accordingly, we affirm.

Order affirmed.

Fitzgerald, J. concurs in the result.

Shogan, J. files a concurring and dissenting memorandum.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/14/2016